Lin v. Holder
BIA
A029 810 776
A073 180 272

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of May, two thousand twelve.

PRESENT:
> JOSEPH M. McLAUGHLIN,
> PIERRE N. LEVAL,
> ROSEMARY S. POOLER,
> *Circuit Judges.*

_____

MIN LIN, AKA MUDA BIN MUDAH ALI,
XIAO FENG HUANG,
> *Petitioners,*

v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

11-2455-ag (L),
11-2460-ag (Con)
NAC

_____

FOR PETITIONER:     Gary J. Yerman, New York, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney
                    General; Anthony C. Payne, Senior
                    Litigation Counsel; Yedidya Cohen,

**Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of these petitions for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petitions for review are DENIED.

Petitioners Min Lin and Xiao Feng Huang, natives and citizens of the People's Republic of China, seek review of the May 27, 2011, decisions of the BIA denying their motion to reopen. *In re Min Lin*, No. A029 810 776, *Xiao Feng Huang*, No. A073 180 272 (B.I.A. May 27, 2011). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's denial of Petitioners' motion to reopen as untimely was not an abuse of discretion. A motion to reopen generally must be filed no later than 90 days after the date on which the final administrative decision has been rendered. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Here, Petitioners' March 2011 motion to

reopen was untimely as the BIA issued its final decision in July 2010.

In some instances, an alien may toll the time period for filing a motion to reopen by demonstrating ineffective assistance of counsel. *See Cecik v. INS*, 435 F.3d 167, 170 (2d Cir. 2006). In order to toll the time period, an applicant who files a motion to reopen based on ineffective assistance of counsel must, *inter alia*, demonstrate that competent counsel would have acted otherwise and that he suffered actual prejudice as a result of his counsel's poor performance. *See id.* at 171.

In their motion to reopen, Petitioners argued that they were prejudiced by their former counsel's failure to timely file a petition for review with this Court. The BIA denied the motion to reopen because it was untimely and because they did not offer any evidence that a petition for review of the BIA's final order had any possibility of success. We agree that Petitioners did not demonstrate the requisite prejudice necessary to toll the time limitation. The BIA's denial of Petitioners' motion to reopen therefore was not an abuse of discretion. *See Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994) (in order to show "actual prejudice," an

3

applicant "must make a prima facie showing that he would have been eligible for the relief [sought] and that he could have made a strong showing in support of his application").

Before this Court, Petitioners assert that they were prejudiced by their prior attorney's failure to file a petition for review of the BIA's prior decision, and the result of their case would have been different had the prior attorney not erred, because they had a well-founded fear of persecution in China based on their violation of China's family planning policy. Petitioners also argue that, independent from showing that they were prejudiced by their former attorney's actions, they have shown changed country conditions sufficient to excuse the filing deadline on their untimely motion to reopen. Because Petitioners are raising both of these arguments for the first time before this Court, we decline to consider them. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20, 122 (2d Cir. 2007). Moreover, we lack jurisdiction to review a decision of the BIA declining to exercise its *sua sponte* authority to reopen proceedings or reissue its prior decision. *See Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).

4

For the foregoing reasons, the petitions for review are DENIED.  As we have completed our review, the pending motions for stays of removal in these petitions are DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk